Citation Nr: 1826246 
Decision Date: 04/27/18 Archive Date: 05/07/18

DOCKET NO. 00-19 517 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUES

1. Entitlement to service connection for a sinus disorder.

2. Eligibility for a clothing allowance, to include the question of whether the clothing allowance was properly terminated in October 2017.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

I. Cannaday, Associate Counsel

INTRODUCTION

The Veteran had active service from April 1972 to May 1974.

This appeal comes before the Board of Veterans' Appeals (Board) from multiple rating decisions by Regional Offices (ROs) of the United States Department of Veterans Affairs (VA).

In April 2003, the Veteran had a Travel Board hearing before the undersigned. A transcript of that hearing is in the claims file. A subsequent typographical error created the impression that his hearing was in May 2008, or that he had a second hearing in May 2008. The question of how many Board hearings the Veteran actually had was covered extensively in the Board's March 2016 decision, in which the Board found that the April 2003 hearing was his only hearing.

The Veteran's claim for service connection for a sinus disorder was previously before the Board in 2003, 2009, 2010, 2011, 2015, 2016, and 2017. In August 2010, the Board issued a decision denying his application to reopen his claim of service connection for a sinus disorder. The Veteran appealed the Board's August 2010 decision to the United States Court of Appeals for Veterans Claims (Court). The Veteran and VA (the parties) filed with the Court a Joint Motion for Remand (JMR), to vacate the Board's August 2010 decision, and remand the matter to the Board for further consideration. In May 2011, the Court issued an order approving that motion.

In an October 2011 decision, the Board reopened the claim for service connection for a sinus disorder. The Board remanded the question of service connection, on the merits, to the RO for additional action.

In April 2015, the Board denied service connection for a sinus disorder. The Veteran appealed that denial to the Court. The parties filed a Joint Motion for Partial Remand (JMPR), vacating the Board's denial of service connection for a sinus disorder, and remanding that matter to the Board for further consideration. In November 2015, the Court issued an order approving that motion.

Also in April 2015, the Board remanded to the RO, for additional action, fourteen issues for which the Veteran had filed a timely notice of disagreement, specifically, claims for service connection for traumatic brain injury, dizziness, a jaw and/or cheek disorder, tinnitus, disorders of the cervical spine, thoracic spine, right elbow, right wrist, and left and right hips, and erectile dysfunction, and claims for increased disability ratings for right ankle disability, an appendectomy scar, and inguinal adenopathy. The Board directed the RO to issue a statement of the case (SOC) with respect to those issues. 

In May 2015, the RO issued an SOC with respect to the fourteen issues that the Board remanded. The RO informed the Veteran that he had 60 days to file a formal or substantive appeal to complete his appeal as to those issues. The Veteran subsequently informed VA that he had moved and had not received some of his mail. In September 2015, the Board remailed the SOC to the Veteran at the new address that he provided. The RO informed the Veteran that he had 60 days from the date of the September 2015 letter to file a formal or substantive appeal to complete his appeal as to those issues. The Veteran did not file a timely substantive appeal with respect to those issues. Thus, he has not completed an appeal as to those issues, and they are not before the Board on appeal.

In a March 2016 decision, the Board again denied service connection for a sinus disorder. The Veteran appealed that denial to the Court. The parties filed a JMR, vacating the Board's denial of service connection for a sinus disorder, and remanding that matter to the Board for further consideration. In January 2017, the Court issued an order approving that motion.

In a May 2017 decision, to comply with the January 2017 Court order, the Board remanded the question of service connection, to the RO for additional action. The case has since been returned to the Board for appellate review.

The issue of eligibility for a clothing allowance is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action on his part is required.


FINDINGS OF FACT

1. Any sinus or nose injuries or diseases present during service were resolved during service without residuals.

2. Sinus and nose problems noted many years after service are not related to any injury or disease during service.


CONCLUSION OF LAW

No chronic or recurrent sinus disorder was incurred or aggravated in service. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. § 3.303 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. Under the notice requirements, VA is to notify the claimant of what information or evidence is necessary to substantiate the claim; what subset of the necessary information or evidence, if any, the claimant is to provide; and what subset of the necessary information or evidence, if any, VA will attempt to obtain. 38 C.F.R. § 3.159(b).

In Bryant v. Shinseki, 23 Vet. App. 488, 493-94 (2010), the Court held that 38 C.F.R. § 3.103(c)(2) requires that the VLJ who conducts a Board hearing fulfill duties to (1) fully explain the issues and (2) suggest the submission of evidence that may have been overlooked.

VA provided the Veteran notice in letters issued in March 2004, November 2005, October 2006, May 2007, March 2008, September 2008, January 2009, September 2010, October 2010, and May 2011. In those letters, VA advised the Veteran what information was needed to substantiate claims for service connection. The letters also informed the Veteran how VA assigns disability ratings and effective dates.

In the April 2003 Board hearing, the undersigned Acting VLJ fully explained the issues and suggested the submission of evidence that may have been overlooked. The Veteran has not asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2), and has not identified any prejudice in the conduct of the hearing. The Board therefore finds that, even though the hearing pre-dated Bryant, that the Acting VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2), and that any error in providing further notice during the hearing constitutes harmless error.

The Veteran's claims file contains service treatment records, post-service treatment records, reports of VA examinations, and a transcript of the April 2003 Board hearing. The reports of VA examinations contain relevant findings that are sufficient to allow a decision on the claim.

The Board finds that the Veteran was notified and aware of the evidence needed to substantiate the claim, as well as the avenues through which he might obtain such evidence, and the allocation of responsibilities between the Veteran and VA in obtaining such evidence. The Veteran has actively participated in the claims process by providing evidence and argument. Thus, he was provided with a meaningful opportunity to participate in the claims process, and he has done so.

Sinus Disorder

The Veteran contends that he has a chronic sinus disorder that began during service, possibly as a result of nose injury during service. VA has established service connection for migraine headaches, so the claim regarding a sinus disorder involves a disorder other than migraine headaches.

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. In general, service connection requires (1) evidence of a current disability; (2) medical evidence, or in certain circumstances lay evidence, of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection also may be granted for any disease diagnosed after service when all the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

The Board must assess the credibility and weight of all the evidence, including the medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. See Masors v. Derwinski, 2 Vet. App. 181 (1992); Wilson v. Derwinski, 2 Vet. App. 614, 618 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164 (1991); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a claim, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107.

The Veteran's service medical records show that he sought treatment in January 1973 for an upper respiratory infection. He was seen on multiple occasions for headaches. In November 1973, a clinician found that he had no frontal sinus tenderness. When he was examined in April 1974 for separation from service, the examiner marked "normal" for the condition of the nose and sinuses.

After service, in VA treatment in November 1993, the Veteran was noted to have recurrent upper respiratory infections with chronic sinusitis. In October 1997, he sought service connection for multiple disorders including a sinus disorder. Private treatment notes from October 1998 reflect his report of sinus problems.

In the April 2003 Board hearing, the Veteran reported that in paratrooper duties during service he fell and sustained injury of his nose. He related that his nose became swollen but was not broken. He stated that he then began to have intermittent one-sided nasal congestion. He indicated that after service he continued to have recurrent sinus problems.

On June 2013, the Veteran had a VA examination of the sinuses, nose, throat, larynx, and pharynx. The examining physician reported having reviewed the claims file. The Veteran reported that in a parachute jumping accident during service he struck his nose and face against the ground. On examination, there was no evidence of sinusitis. The examiner noted that on CT scan in September 2008, the Veteran's sinuses appeared completely normal. Sinus series x-rays taken in the June 2013 examination also showed normal sinuses. The examiner stated that the Veteran did not have sinusitis at the time of the examination, although he had nasal septal deformity. The examiner expressed the opinion that it is less likely than not that sinusitis arose from an event in service. 

In a statement that VA received in August 2015, the Veteran asserted that injury of his nose occurred in service, in 1973, when he fell from the top bunk and struck his face and nose. He expressed disagreement with the opinion of the VA physician who examined him in 2013.

As noted above, the Board denied the Veteran's claim in a March 2016 decision. While on appeal to the Court, the parties filed a January 2017 JMR, agreeing that the Board erred by finding that VA satisfied the duty to assist because the June 2013 medical opinion is not adequate, as that opinion did not address the Veteran's assertion that his fall in April 1973 contributed to his sinus disability. Accordingly, the Court remanded the claim consistent with the terms of the JMR.

Subsequently, the Veteran was afforded another VA examination in June 2017. The examining physician reviewed the Veteran's claims file and noted the Veteran's in-service injuries. Specifically, the examiner acknowledged the Veteran's October 1973 parachute accident as well as his April 1973 fall. Ultimately, the examining physician opined that it would be considered less likely as not that the Veteran's deviated septum and chronic sinus conditions are related to or the result of the Veteran's falls in service. However, the examining physician also stated that she was not an ears, nose, and throat specialist, so that such evaluation by an expert may be preferable.

The Veteran was afforded another VA examination in October 2017. Once again the examining physician noted the Veteran's April 1973 and October 1973 falls. He noted that the Veteran had a previous diagnosis of a deviated nasal septum and non-allergic rhinitis. Notably, the examining physician stated that at the time of his examination there was no evidence of purulence, chronic polyps, changes in status of nasal mucosa, or drainage. Sinus X-rays taken in September 2017 had been interpreted as within normal limits. That air flow was adequate and symmetrical bilaterally, and that no significant nasal septal deformity was noted. He then stated that there was no pathology to render a diagnosis of sinusitis. 

Ultimately, the examining physician opined that the Veteran's claimed disability was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. In so finding, he stated that there was no evidence in the Veteran's service treatment records to suggest nasal trauma associated with the April 1973 or the October 1973 falls. The April 1973 incident involved a fall from a bunk, and no nasal bleeding or swelling of the nose occurred post injury. The service incident in October 1973 involved a parachute accident where there was no complaint of nasal/facial trauma. He stated that trauma sufficient to fracture the nasal septum would have caused bleeding, swelling of the nose and this was not noted on any examination. That the majority of adults have some degree of nasal septal deformity if an experienced examiner performs a careful evaluation, and these are slight and cause no symptoms as is the case with the Veteran. Further, that the Veteran's non-allergic rhinitis was not associated with trauma, but it was due to the irritation and inflammation of the nasal mucosa exposed to irritants.

The Veteran is competent to report that he sustained a nose injury during service. No ongoing nose or sinus problems were found, however, when he was examined for separation from service. Nor is there any evidence that he had chronic or recurrent nose or sinus problems in the years immediately following his service. The earliest clinical findings of chronic sinusitis are from the 1990s, many years after his service. The evidence thus does not help to show that any nose injury during service resulted in a nose or sinus disorder that continued through service and afterward. The VA physician who examined the Veteran in October 2017 is competent to address questions of likely medical causation. That examiner reviewed the claims file, and his statements are consistent with the history recorded in the claims file. His opinion against a nexus between post-service sinusitis and events in service thus carries substantial evidentiary weight. In light of that opinion and the medical records, the preponderance of the evidence is against incurrence during service of a sinus disorder.


ORDER

Entitlement to service connection for a sinus disorder is denied.


REMAND

In October 2017, the RO determined that the Veteran no longer qualified for the monetary clothing allowance he had been receiving for many years. The Veteran disagreed with this decision in December 2017, asserting that he still required a clothing allowance due to orthopedic appliances he used for service-connected disabilities which tended to wear out his clothes, and for a skin condition which required medication which tended to stain his clothes. This December 2017 statement constitutes a notice of disagreement with the October 2017 decision, because it was filed within the requisite time period and it indicates dissatisfaction and a desire to contest the denial. 38 C.F.R. §§ 20.201, 20.302. Following review of the Veteran's electronic claims files; it does not appear that the RO has yet issued a statement of the case however. 
After a notice of disagreement has been filed in any claim, the RO is required to issue a statement of the case containing a summary of the evidence, the applicable laws and regulations, and an explanation as to the decision previously reached, unless the Veteran has withdrawn the notice of disagreement. 38 C.F.R. §§ 19.26, 19.29. Technically, when there has been an initial RO adjudication of a claim and a notice of disagreement has been filed as to its denial, thereby initiating the appellate process, a remand is required for procedural reasons. Manlincon v. West, 12 Vet. App. 238 (1999).

Thus, the Board accepts limited jurisdiction over this issue, for the sole purpose of remanding to order issuance of a statement of the case along with information about the process for perfecting an appeal as to this claim, if the Veteran so desires.

Accordingly, the case is REMANDED for the following action:

The RO should furnish the Veteran with a Statement of the Case pertaining to the termination of his clothing allowance. This claim will not be returned to the Board unless the Veteran perfects an appeal by filing a timely substantive appeal.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




____________________________________________
HEATHER J. HARTER
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs